**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| WILLEEN KELLEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. RWT 04-1998 |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, et al., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OPINION**

This case comes before the Court on Defendant WMATA's Motion To Transfer Case, a motion that seeks to transfer this case to the United States District Court for the Eastern District of Virginia. On June 28, 2004, Plaintiff Willeen Kelley ("Kelley") filed a Complaint in this Court against the Washington Metropolitan Area Transit Authority ("WMATA"), Metrobus Operator John Doe, and Sigrid Fischer Nelson ("Nelson"). Kelley's complaint alleges that while riding in a WMATA Metrobus in Fairfax, Virginia, the bus driver operated the bus in a negligent manner causing it to collide with Nelson's automobile.

On July 21, 2004, Nelson filed a motion to dismiss for lack of personal jurisdiction. On July 29, 2004, WMATA answered Kelley's Complaint and filed a Cross-Claim against Nelson. On October, 14, 2004, the Court granted Nelson's motion to dismiss and dismissed Nelson as a defendant because the Court lacks personal jurisdiction over her. On October 28, 2004, Kelley filed a motion to amend that judgment which the Court denied on November 8, 2004. WMATA moves to transfer this case to the

Eastern District of Virginia because (1) this Court lacks personal jurisdiction over Nelson and (2) venue in the Eastern District of Virginia is more convenient than venue in the District of Maryland. The Court has reviewed WMATA's motion and Kelley's opposition thereto. No hearing is deemed necessary. See D. Md. R. 105.6.

> 28 U.S.C. §1404(a) provides that:
>
> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it <u>might have been brought</u>.(Emphasis added). [1]

Plaintiff argues that because the Virginia statute of limitations would have barred suit in Virginia, this case could not have been brought in Virginia and the transfer to federal court in Virginia would thus be inappropriate. Hoffman v. Blaski, 363 U.S. 335, 344 (1960) (motion to transfer must be denied where transferee forum lacked venue and jurisdiction because defendants were not incorporated in the transferee forum and could not accept service in that forum). The Court disagrees. Federal courts have indicated that the language "might have been brought" in the removal statute "refers chiefly to questions of venue and

---

[1] WMATA also asserts that the case could be transferred for improper venue pursuant to 28 U.S.C. § 1406(a) which provides that:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

This section has been interpreted to authorize transfers in cases where personal jurisdiction is lacking in the transferring venue and offers broader relief than 28 U.S.C. §1404(a). Goldlawr, Inc. v. Heiman, 369 U.S. 463 (1962). Here, venue is not improper in Maryland as to WMATA because Plaintiff is a Maryland resident and WMATA has offices in Maryland. The Court therefore prefers to consider the issue in this case as one akin to the doctrine of forum non conveniens under 28 U.S.C. §1404(a).

2

jurisdiction in the transferee court; it concerns a plaintiff's right to institute the action originally, and not possible defense[s] which may be interposed by a defendant, such as statute of limitations." Schreiber v. Allis-Chalmers Corp., 448 F. Supp. 1079, 1084 (D. Kan. 1978); see also Van Dusen v. Barrack, 376 U.S. 612, 624 (1964) (holding that the words "where it might have been brought" refer to federal laws such as venue and jurisdiction and not "laws of the transferee State concerning the capacity of fiduciaries to bring suit."); see also John W. Johnson, Inc. v. Atlantic States Constr. Co., 276 F. Supp. 379 (D. Md. 1967) (plaintiff's lack of capacity to sue defendant in Georgia did not prevent transfer of case from federal court in Maryland to federal court in Georgia where jurisdiction and venue existed in federal court in Georgia). In fact, in a case with parallel facts to this one, this Court transferred a personal injury case to Virginia, despite the fact that the Virginia statute of limitations had run on the claim prior to the plaintiff bringing suit in Maryland. Morganstern v. Marriott-hot Shoppes, Inc., 270 F. Supp. 75 (D. Md. 1967).

The District Court has broad discretion in deciding whether to transfer a case under 28 U.S.C. §1404(a). John W. Johnson, Inc., 276 F. Supp. at 382. In looking at the circumstances surrounding this case, it is clear that the more convenient venue is Virginia. The only connection this case has to Maryland is Plaintiff's residence and WMATA's presence in Maryland unrelated to this case. The accident occurred in Virginia. Virginia police responded on the scene. Nelson and two other witnesses reside in Virginia. A third witness lives in Maryland, but works in Virginia. Virginia law governs the action. Moreover, this Court is unable to dispose of any cross-claims against Nelson, because this Court has no personal jurisdiction over her. In the interest of judicial economy and for the convenience of the parties, this case should be transferred to the Eastern District of Virginia.

For the foregoing reasons, Defendant WMATA's Motion To Transfer Case will be granted. A separate Order follows.

    8/26/05                                                               /s/
     DATE                                              ROGER W. TITUS
                                                      UNITED STATES DISTRICT JUDGE